# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LAMAR PASSMORE,
Plaintiff,

vs.

THE FEDERAL RESERVE
BANKING SYSTEM,
Defendant.

Civil Action No. 1:19-cv-74
Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, filed a pro se complaint captioned "complaint for money" against defendant The Federal Reserve Banking System[1] in state court on December 26, 2018. (Docs. 1, 2). The complaint includes five counts[2] and requests $30 trillion as relief.

The government removed the action to this Court on January 28, 2019. (Doc. 1). The government subsequently moved to dismiss all claims for lack of subject matter jurisdiction and failure to state a claim for relief (Doc. 3), and plaintiff filed an opposing memorandum (Doc. 5). The government alleges that like the state court, this Court lacks subject matter jurisdiction over plaintiff's complaint because sovereign immunity was not waived. (Doc. 3 at 3-5). The government further contends that the complaint does not state a plausible claim for relief under Fed. R. Civ. P. 12(b)(6). (*Id.* at 5-6). Plaintiff has also filed ten "evidence filings," two motions for summary judgment, and two motions and declarations for "Change of Judge." (Docs. 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20). The government has filed a response in opposition to the summary judgment motion. (Doc. 8).

---

[1] The government states that there is no entity formally titled "The Federal Reserve Banking System." The government states that plaintiff likely attempted to name the Board of Governors of the Federal Reserve System because his complaint was addressed and mailed to the Board's offices in Washington, D.C. (Doc. 3 at 1).

[2] Plaintiff's complaint includes counts of fraud, negligence, treason, misappropriation, and theft. (Doc. 2).

Dismissal of plaintiff's lawsuit is warranted under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Subject matter jurisdiction is lacking in a lawsuit against the United States, or an agency of the United States, unless the government consents to suit. *United States v. Testan*, 424 U.S. 392, 399 (1976); *see also CareToLive v. von Eschenbach*, 525 F. Supp.2d 938, 950 (S.D. Ohio 2007), *aff'd sub nom. CareToLive v. Eschenbach*, 290 F. App'x 887 (6th Cir. 2008) (the United States may not be sued without its consent, and consent is a prerequisite to jurisdiction) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998)). Absent an express waiver of sovereign immunity, the district court lacks jurisdiction over a claim against the United States. *Id.* (citing *Mitchell*, 463 U.S. at 212). "Jurisdiction over any suit against the [United States] Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver." *Id.* (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Id.* (citing *Mitchell*, 463 U.S. at 239; *Reed*, 146 F.3d at 398).

The plaintiff has the burden to identify a waiver of sovereign immunity in order to proceed with a claim against the United States. *Id.* (citing *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)). If the plaintiff cannot identify a waiver, his claim must be dismissed for lack of jurisdiction. *Id.* (citing *Reetz*, 224 F.3d at 795). *See also Wojton v. U.S.*, 199 F. Supp.2d 722, 726 (S.D. Ohio 2002) (plaintiff has the burden under Fed. R. Civ. P. 8 to set forth the grounds for the Court's jurisdiction).

Plaintiff's lawsuit against the Federal Reserve Board, a federal agency, is a suit against the United States. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"). Thus, plaintiff must

identify a waiver of sovereign immunity. Plaintiff has not carried his burden to identify a waiver of sovereign immunity. Nor do the allegations of the complaint provide any factual content or context from which the Court may reasonably infer that defendant waived its sovereign immunity with respect to the matters at issue in this case. The complaint does not include any factual allegations to show that defendant violated plaintiff's constitutional or other rights. The complaint makes only rambling, conclusory, and unsupported assertions related to various components of the U.S. banking system. For instance, Count One states in part that "[t]he treasury department is illegal" and "Israel using money in the U.S. economy is illegal." (Doc. 2 at 3). As another example, Count Three states in full:

> Treason – Section 8 permits Congress to coin money and regulate its value. Section 10 denies states the right to coin or to print their own money. (Hammond, 92). In Hepburn v. Griswold (1869) the Court ruled paper money unconstitutional. "Only Congress can print/manufacture money." Which isn't the case.

(*Id.* at 5). These allegations are not sufficient to show that the government waived its sovereign immunity from suit with respect to the claims at issue. The complaint should therefore be dismissed for lack of subject matter jurisdiction.

Because the Court has determined that plaintiff's complaint should be dismissed for lack of jurisdiction, the Court lacks jurisdiction to consider plaintiff's motions for summary judgment, evidence filings, and motions and declarations for a change of judge. Therefore, these motions should be **DENIED** as **MOOT**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) (Doc. 3) be **GRANTED**.

2. Plaintiff's motions for summary judgment (Docs. 7, 9) and motions and declarations for a change of judge (Docs. 15, 17) be **DENIED** as **MOOT**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 4/1/19

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LAMAR PASSMORE,
    Plaintiff

Civil Action No. 1:19-cv-74
Barrett, J.
Litkovitz, M.J.

vs

THE FEDERAL RESERVE
BANKING SYSTEM,
    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).