**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Lamar Passmore,
       Plaintiff,

  v.

The Federal Reserve Banking System,
       Defendant.

Case No.: 1:19-cv-00074
Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's April 1, 2019 Report and Recommendation ("R&R"). (Doc. 21). The parties were given proper notice under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections (Doc. 24) and Defendant filed a Response thereto (Doc. 26).

## I. BACKGROUND

Plaintiff initially filed the Complaint in this matter in the Court of Common Pleas of Hamilton County, Ohio. (Doc. 2). The Complaint includes five counts and requests $30 trillion. (*Id.*). Defendant timely removed this matter to federal court pursuant to 28 U.S.C. § 1442. (Doc. 1). Defendant subsequently filed a Motion to Dismiss (Doc. 3) to which Plaintiff Responded in opposition (Doc. 5). Plaintiff also filed two Motions for Summary Judgment (Docs. 7, 9) and two Motions and Declarations for Change of Judge (Doc. 15, 17). The April 1, 2019 R&R found that dismissal of this matter was warranted, as the Court lacks subject matter jurisdiction, and recommended that Defendant's Motion

to Dismiss be granted, Plaintiff's Motion for Summary Judgment and Motions and Declaration for a Change of Judge be denied as moot, and that the Court deny Petitioner leave to appeal this Order *in forma pauperis*. (Doc. 21 at PageID 112-113).

In addition to the motions discussed in the R&R, Plaintiff has filed a Motion to Settle (Doc. 28), a Motion to Expedite (Doc. 43), a document titled "Divested of Jurisdiction" (Doc. 36), a document titled "Plaintiffs Opposition to Defendants Opposition to Plaintiffs Filings" (Doc. 54), a document titled "Judicial Tort" (Doc. 58), and numerous documents titled "evidence filing."

## II. ANALYSIS

Determinations by a magistrate judge under Section 636(b)(1)(A) are subject to review by the district court. When proper objections to an R&R are received, the Court "shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). However, a pro se party's pleadings must be construed liberally and are held to less stringent standards than formal pleadings drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Upon review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

For subject matter to be established in a lawsuit against the United states, or an agency thereof, the government must consent to suit. *See, e.g.*, *United States v. Mitchell*; 463 U.S. 206, 212 (1983); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Muniz-Muniz v. United States Border*

*Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims *against federal agencies or officials* in their official capacities") (emphasis added); *see also Passmore v. U.S. Dep't of Homeland Sec.*, No. 1:18-CV-481, 2019 WL 926023, at *2 (S.D. Ohio Feb. 26, 2019).

As the Court has previously explained to Plaintiff, "[t]he government must explicitly waive sovereign immunity in a clear, express, and unambiguous fashion." *Id.* (citing *Taylor v. Geither*, 703 F.3d 328, 333 (6th Cir. 2013)); *see also United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003); *United States v. King*, 395 U.S. 1, 4 (waiver of sovereign immunity "cannot be implied but must be unequivocally expressed"). This explicit consent to suit is a prerequisite for jurisdiction. *CareToLive v. von Eschenbach*, 525 F. Supp.2d 938, 950 (S.D. Ohio 2007), *aff'd sub nom. CareToLive v. Eschenbachi*, 290 F. App'x 887 (6th Cir. 2008) (citing *Mitchell*, 463 U.S. at 212). Moreover, Plaintiff bears the burden of identifying a waiver of sovereign immunity and, if Plaintiff fails to carry the burden, the court will dismiss the suit for lack of jurisdiction. *CareToLive*, 525 F. Supp.2d at 950 (citing *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)).

The Magistrate explained the above law (Doc. 21 at PageID 111) and found that Plaintiff failed to identify an express waiver of sovereign immunity and, thus, recommended that the Complaint should be dismissed for lack of subject matter jurisdiction (*id.* at PageID 112). The Court agrees that Plaintiff's Complaint contains only conclusory and unsupported assertions related to various components of the U.S. banking system and does not identify an explicit waiver of sovereign immunity. The Court also agrees that Plaintiff fails to set forth factual allegations that identify any act or

omission on part of Defendant and fails to provide any basis for jurisdiction. Similarly, the Court finds that Plaintiff fails to identify a waiver of sovereign immunity in his objections. (Doc. 24). "A waiver of sovereign immunity must be express, clear, and unambiguous, and Plaintiff has failed to identify such a waiver." *Passmore*, 2019 WL 926023, at *3 (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.")). In sum, the Court disagrees with Plaintiff's contention that the R&R lacks adequate legal analysis and agrees with the Magistrate Judge's recommendation that the Court lacks subject matter jurisdiction over this case.

To the extent that Plaintiff objects to the R&R, as he had witnesses who he alleges needed to testify in this matter (Doc. 24), he provides no argument as to how this Court has subject matter jurisdiction over his matter, such that it could ever hear testimony, and the Court is not persuaded. *See Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) ("subject matter jurisdiction may be raised sua sponte at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction.").

### III. CONCLUSION

Based on the foregoing, the Court **OVERRULES** Plaintiff's objections (Doc. 24) and **ADOPTS in full** the Magistrate Judge's April 1, 2019 R&R (Doc. 21). Accordingly, it is hereby **ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. 3) is **GRANTED**;

2. Plaintiff's Motion for Summary Judgment (Docs. 7, 9); Motions and Declaration for a Change of Judge (Docs. 15, 17); Motion to Settle (Doc. 28); and Motion to Expedite (Doc. 43) are **DENIED as MOOT**;

3. This matter is **CLOSED and TERMINATED** from the active docket of this Court; and

4. Pursuant to 28 U.S.C. § 1915(a), an appeal of this Order would not be taken in good faith and Plaintiff is thus **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**

_s/ Michael R. Barrett_____
Hon. Michael R. Barrett
United States District Judge